## No. 11,466.

## JONES, ET AL. *v.* NEWLON, ET AL.

Decided January 24, 1927.   Rehearing denied February 28, 1927.

Action in injunction.   Judgment of dismissal.

### *Reversed.*

1.   PLEADING—*Injunction—Complaint.* Allegations of a complaint in an action to enjoin school officials from enforcing an order distinguishing between white and colored pupils reviewed, and held to state a cause of action and but one cause of action.

2.   CONSTITUTIONAL LAW—*Schools—Color Line.* An authorized order of school officials that separate social functions must be provided for white and colored pupils, held to be in violation of section 8, article IX, of the Colorado Constitution.

3.   SCHOOLS—*Social Activities.* Whether the establishment and supervision of swimming pools and classes, and social activities, are beyond the authority of school officials, mentioned but not determined.

4.   PLEADING—*Injunction—Constitutional Law.* A complaint which seeks to enjoin the enforcement of an order issued by school officials—which distinguishes between white and colored pupils—on the ground that it is unconstitutional, states no cause of action if the order was promulgated without authority.

5.   CONSTITUTIONAL LAW—*Schools—Color Line.* An order of school officials which denies to colored pupils rights, privileges, and benefits allowed white pupils, is repugnant to section 8, article IX of the Colorado Constitution.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. GEORGE Q. RICHMOND, Mr. GEORGE G. ROSS, for plaintiffs in error.

Mr. F. W. SANBORN, Mr. HERBERT M. MUNROE, Mr. ELMER D. GWIN, for defendants in error.

*En Banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THIS suit was brought in the district court by Mildred Jones, a minor, by Daisy Jones, as next friend; Frances Louise Ross, a minor, by A. H. W. Ross, as next friend, and Doris Jenkins, a minor, by Nellie Jenkins, as next friend, as plaintiffs, v. Jesse H. Newlon, et al., as defendants, to obtain an injunction. The plaintiffs claim that they sue for themselves and in behalf of all others similarly situated. They allege that Mildred Jones, a minor, was a pupil in and attending the Morey Junior High School, district No. 1, in the City and County of Denver; that Frances Louise Ross and Doris Jenkins, minors, were pupils in and attending the Manual Training High School in that district; that each and all of the plaintiffs are members of the negro race, commonly called colored people. The parents of the minors, and

who represent them in this suit, allege that they are residents and citizens, school electors and taxpayers, of said county and school district. Plaintiffs further allege that defendant Newlon was the chief executive officer for the board of management of the public schools, and superintendent of the public schools for that district; that the other defendants constituted the board of education of that school district; that said minors were entitled to all the rights, privileges and benefits of the public schools of the City and County of Denver; that on or about March 27, 1924, the defendants issued, promulgated, entered and enforced a certain order without right or authority, and contrary to section 8, article IX of the Constitution of this state. The order complained of reads:

"To Principals and Directors.

"Social Regulations:

"As a result of certain unpleasant incidents which have occurred within the past two or three years between the colored and white pupils, the board of education has approved the recommendation that in the future separate social functions be provided for the two races.

"The inauguration of this policy means that opportunity will be given to colored pupils to request that provision be made for their social activities. All such requests should be granted if consistent with the general policies of the school, applicable to all students alike, and if the number of pupils making the request is sufficient to warrant the undertaking.

Sincerely yours,

JESSE H. NEWLON,

Superintendent."

The complaint then alleges that pursuant to that order, and as a result thereof, and during the month of September, "the plaintiff, Mildred Jones, in response to a general notice and invitation given to and for the benefit of all of the pupils of said Morey Junior High School did

seek, with the other pupils, to enter into the swimming pool classes or course therein prescribed and given in said school, and enjoy the privileges of said swimming pool upon the same basis and upon the same terms and conditions as were being required of and imposed upon the other pupils of said school, among others being the requirement of a $2.00 fee for swimming pool privileges and the requirement that the pupil obtain his or her own bathing suit and other swimming paraphernalia; that said plaintiff repeatedly made tender of said swimming pool fee and did procure for herself all of the aforesaid swimming paraphernalia and did repeatedly notify the principal of said school and the person in charge of said swimming pool and classes, and the aforesaid swimming pool privileges and the defendant Newlon, that she had procured the necessary articles and complied with the necessary requirements for the enjoyment of and obtaining of said swimming pool privileges but that said plaintiff was by all of the aforesaid denied the privileges of the use of said swimming pool and classes and had at all times been prevented from enjoying said swimming pool privileges and classes although all other pupils, the white pupils, have been permitted to make use thereof and that the said defendant and the aforesaid principal and the person in charge of the aforesaid swimming pool privileges, and classes, informed said plaintiff that she would not be permitted the use of said swimming pool and classes at any time or under any circumstances because of the fact and for the reason alone—that said plaintiff is and was a negro or colored person and that for said reason she has been deprived of the opportunity of taking the swimming lessons and entering into or upon the privileges and classes given or afforded the other pupils of said school.''

The complaint then alleges, with reference to Frances Louise Ross and Doris Jenkins, that although they were members of and entitled to all the rights and privileges,

uses and benefits of the public schools aforesaid at the Manual Training High School of which they were members, they have been, ever since the issuance and promulgation of the order, prevented from entering and participating in any and all so-called social functions of the said school, and denied the privileges of participating in and enjoying such social functions which were at all times open, alike and equally, to all pupils of the school except the negro or colored pupils including the plaintiff; that under the threats and pain of the infliction of penalties, and perhaps expulsion, the plaintiffs Ross and Jenkins have not been permitted to enter into or upon the premises where entertainments, dances and other social functions were being held after the promulgation of the order; that they were denied the privileges of enjoying and participating in common with other pupils who were permitted to enjoy and participate in such social functions, and that defendants have at all times, by the said order and said threats, deprived the plaintiffs of their rights as pupils of the public school of the City and County of Denver, contrary to the terms and provisions of the Constitution of the United States, and the Constitution and Laws of the state of Colorado. That part of section 8, articles IX of the Constitution said to be violated by the superintendent's order, reads: "* * * nor shall any distinction or classification of pupils be made on account of race or color."

They further allege that the privileges and benefits which have been denied them are privileges, uses and benefits provided by the board of education as a part of the courses and system of education in the school. The plaintiffs claim that the said order is a direct violation of the Constitution and as a result thereof the colored pupils of the school have been, by the defendants, classified, segregated and distinguished on account of their race and color, and have been deprived of their rights of equal opportunities and privileges in the school.

They pray for an injunction enjoining and restraining the defendants from enforcing in any manner the said order, and from in any manner preventing the plaintiffs or any persons similarly situated from participating in or enjoying the privileges mentioned, or any privileges or opportunities, or uses or benefits of the school, and from in any manner interfering with the plaintiff or others similarly situated in their rightful and lawful enjoyment and use of the school, and the system of education and the courses of the school.

The defendants demurred to the complaint on the grounds: (1) That it does not state facts sufficient; (2) misjoinder of parties plaintiff; and (3) that several causes of action have been improperly united. Demurrer sustained, and plaintiffs electing to stand by their complaint, the action was dismissed. Plaintiffs prosecute this writ of error.

We shall treat this as an action brought by the plaintiffs for themselves and in behalf of all others similarly situated, that is, in behalf of all the colored children in the public schools of that district, to restrain the enforcement of the order, and that the complaint states but the one cause of action.

This order, when analyzed, means the pronouncement by defendants that in the future separate social functions must be provided for the two races, a clear distinction and classification; that an opportunity would be given to colored pupils to request that provision be made for their social activities, another distinction and classification; that such requests might be granted if the general policies of the school would warrant the undertaking, and provided that the number of pupils making the request should be sufficient, another clear distinction and classification.

The complaint unquestionably states a cause of action to prevent the general enforcement of the order, and it was error to sustain the demurrer. The order is clearly hostile, and contrary, to that portion of section 8, article

IX quoted. The demurrer admits that the order denies to the colored pupils rights, privileges and benefits allowed the white pupils of the school.

If the establishment and supervision by the school authorities of the swimming pool and classes in Morey Junior High School and the "social activities" in Manual Training High School are beyond the authority of school officials, no cause of action was stated. As counsel on both sides argue this case upon the assumption that such activities in both schools were within the province of the authorities, we so assume, but do not decide, and upon that assumption hold that the demurrer should have been overruled as to each ground thereof because the attempted classification is clearly prohibited by the Constitution. The wrong is done by the entry and enforcement of the order, made and enforced against each of plaintiffs by defendants in the same capacity, injuring each of the plaintiffs in the same way, in violation of the same constitutional provision and requiring for relief the same judgment, i. e., the abrogation of the order.

The judgment is reversed with instructions to overrule the demurrer.

MR. JUSTICE BUTLER not participating.

MR. JUSTICE CAMPBELL and MR. JUSTICE ADAMS dissent.

MR. JUSTICE CAMPBELL dissenting.

To the complaint the defendants demurred, inter alia, that there was an improper union therein of several causes of action. If the complaint is subject to this objection, and the trial court held that it was, the judgment of dismissal under review is right. Plaintiffs did not see fit to amend their complaint, as they might have done, to make it conform to the court's ruling; but suffered judgment of dismissal which evidently was on this ground alone, and chose to test in the Supreme Court the sufficiency of their complaint in this respect. There is no discussion or decision in the majority opinion of the

alleged improper union. As I think the ruling below is right, the judgment should be affirmed.

The judgment of a court of record is presumed by a reviewing court to be right. The burden of showing error therein is upon the plaintiff in error. The improper union of several causes of action in the complaint, if such it was, fully justifies the court's dismissal of this cause and, in the absence of affirmative showing to the contrary in the record, and there is none here, we should follow the usual rule of indulging the presumption that the trial court's judgment of dismissal was solely because of the improper union. It is, therefore, premature for this court, as it has done in the majority opinion, to pass upon the grave constitutional question. We do not know what the defense will be to the complaint which the majority has held not subject to the special demurrer. It may be that the defendants will rely in the event of a new trial solely upon a denial of the allegations of the complaint and will not attack the validity or applicability of the civil rights statute. We should, therefore, postpone our decision of a constitutional question until, if at all, such an issue is tried and determined in the district court after the cause is remanded. There will be time enough then to determine if it is necessary to a decision of the cause. My dissent is solely upon the ground that the judgment of dismissal was right because of an improper union in the complaint of several causes of action. Expression of opinion on the constitutional question is withheld, the same being reserved until a case or a record has been made, if at all, that necessitates it.

I am authorized by Mr. Justice Adams to say that he concurs in this dissent.